FILED'11 APR 27 11:24USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

RICHARD MARTIN,

    Plaintiff,

v.

DANIEL SCHAFER, et al.,

    Defendants.

Civ. No. 10-3133-PA

**ORDER**

---

**PANNER, J.**

    Plaintiff Richard Martin brings this diversity action for fraud and invasion of privacy against his former parents-in-law, defendants Daniel Schafer and Deborah Schafer. Plaintiff alleges that defendants improperly accessed a cell phone account in his name to track his location after he moved to Nevada.

    Defendants move for summary judgment. I grant summary judgment as to the fraud claim, and deny it as to the invasion of privacy claim.

1 - ORDER

## BACKGROUND

The following background is from the parties' summary judgment materials, construed in the light most favorable to plaintiff.

Plaintiff was married to Misty Martin, defendants' daughter. In the summer of 2007, plaintiff and Martin separated and Martin moved into her parents' (defendants') house. Martin filed for divorce from plaintiff in August 2007.

Plaintiff had a cell phone account with U.S. Cellular that was in his name only. After his separation from Martin, plaintiff cancelled service for a cell phone he had given to her.

Martin didn't know why her cell phone stopped working. In an attempt to see why the phone wasn't working, Martin used a computer in defendants' house to create an online "My Account" in plaintiff's name with U.S. Cellular. Someone with access to the My Account in plaintiff's name could monitor plaintiff's cell phone activity. Martin states that she accessed the My Account once on August 2, 2007, the day she created it, and never accessed it again.

Martin states that her mother, defendant Deborah Schafer, helped her set up the My Account, and that Mrs. Schafer knew the username and password. Martin's sister, Tanya Downing, states that she saw Martin set up the My Account without assistance from either defendant. Defendants deny helping Martin set up the

2 - ORDER

account, and they deny ever accessing the account or knowing the username or password.

Plaintiff and Martin reconciled in fall 2007. In early fall 2008, Martin moved to Nevada with her children and plaintiff.

The Oregon Department of Human Services (DHS) had been investigating allegations that Martin's children were being abused. Mr. Schafer states that he never told police or DHS where plaintiff was living, although he knew DHS was looking for plaintiff and for Martin's children. Mrs. Schafer states she did assist DHS in its search for Martin's children, but never "forward[ed] information to the Department of Human Services or the police that was obtained from cell phone records regarding the whereabouts of plaintiff, Richard Martin." First Deborah Schafer Decl. ¶ 11.

In January 2009, plaintiff discovered the My Account in his name. When he notified U.S. Cellular that he had not created or authorized the account, the company immediately deleted it. U.S. Cellular stated, "Our investigation determined that several of [plaintiff's] monthly bills were viewed online which contained Customer Proprietary Network Information such as call detail, call plan services and features, and account balances." Martin Decl., Ex. 4, at 1. U.S. Cellular stated, "Unfortunately, U.S. Cellular is unable to determine who registered a My Account for Mr. Martin's U.S. Cellular account. Id. at 2.

3 - ORDER

After plaintiff and Martin moved to Nevada, DHS apparently removed Martin's children from their custody. Plaintiff and Martin are divorced, and Martin now has sole custody of her children.

## STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## DISCUSSION

### I. Invasion of Privacy

"The tort of invasion of privacy, in general, protects the right of a plaintiff to be let alone." Mauri v. v. Smith, 324 Or. 476, 482, 929 P.2d 307, 310 (1996) (citations and quotation marks omitted). Of the four theories that may support a claim for invasion of privacy, plaintiff's claim falls under the category of "appropriation of another's name or likeness." Id.; see also Abbott v. Good Shepherd Medical Center, 2004 WL 2847903, at *4 (D. Or. 2004) (although Oregon does not recognize the tort of identity theft, such claims should be treated as appropriation claims).

4 - ORDER

Plaintiff has adequately alleged the elements of an invasion of privacy claim: "defendant[s] appropriated his name for [their] own purposes, without plaintiff's consent and against his will." <u>Id.</u> Plaintiff has shown that there are disputed issues of material fact whether defendants accessed the My Account that Martin created in plaintiff's name.

Although plaintiff's claim for invasion of privacy survives summary judgment, I doubt that a jury would award plaintiff $75,000 or more. If plaintiff prevails but the award is less than $75,000, I have discretion to deny costs to plaintiff and even to impose costs against him. <u>See</u> 28 U.S.C. § 1332(b).

## II. Fraud

To establish fraud, a plaintiff must show

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the listener in the manner reasonably contemplated; (6) the listener's ignorance of the representation's falsity; (7) the listener's reliance on the truth of the representation; (8) the listener's right to rely thereon; and (9) the listener's consequent and proximate injury.

<u>Maier v. Pacific Heritage Homes, Inc.</u>, 72 F. Supp. 2d 1184, 1196 (D. Or. 1999). The plaintiff must prove fraud by clear and convincing evidence. <u>Riley Hill General Contractor v. Tandy Corp.</u>, 303 Or. 390, 392, 402, 737 P.2d 595, 597 (1987).

Plaintiff has not presented facts from which a jury could find defendants liable for fraud. It was Martin, not defendants,

5 - ORDER

who created the My Account in plaintiff's name. If defendants did access the My Account in 2008, they did not misrepresent facts with the intent that plaintiff would rely on their misrepresentation. I conclude that plaintiff has failed to present evidence from which a jury could find defendants liable for fraud.

### CONCLUSION

Defendants' motion for summary judgment (#10) is granted as to the fraud claim and denied as to the invasion of privacy claim.

IT IS SO ORDERED.

DATED this __26__ day of April, 2011.

OWEN M. PANNER
U.S. DISTRICT JUDGE

6 - ORDER