IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

RICHARD MARTIN,

        Plaintiff,

   v.

DANIEL SCHAFER, et al.,

        Defendants.

No. 1:10-cv-03133-PA

**ORDER**

**PANNER, J.**

After a jury trial, this court entered judgment against plaintiff Richard Martin on his claim for invasion of privacy against his former parents-in-law, defendants Daniel Schafer and Deborah Schafer. Plaintiff moves for a new trial. Defendants move for an award of attorney's fees. I deny the motions.

1 - ORDER

## DISCUSSION

### I. Plaintiff's Motion for a New Trial

#### A. Background

Plaintiff's attorney Michael W. Franell submits an affidavit in support of the motion for a new trial. Franell's affidavit states in its entirety, "During the second day of trial, I suffered a stroke. Due to the stroke, I was confused and disoriented in doing my closing argument." Franell has not submitted other evidence, such as a physician's report, to support his affidavit.

I have presided over this action since it was filed. Franell's performance has been competent throughout. During the two-day jury trial, including closing argument, I saw no signs that Franell was confused or incapacitated.

#### B. Standards

"The court may, on motion, grant a new trial on all or some of the issues--and to any party-- . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). "The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 510 n.15 (9th Cir. 2000). The trial court has discretion in

2 - ORDER

deciding whether to grant a new trial.  <u>Tortu v. Las Vegas Metro. Police Dep't</u>, 556 F.3d 1075, 1083 (9th Cir. 2009).

### C. Discussion

Plaintiff has failed to show that a new trial is justified. Franell's alleged stroke had no apparent effect on his ability to make a competent closing argument.

Assuming for this motion only that the alleged stroke affected Franell's ability to make the closing argument, no miscarriage of justice occurred.  The jury's verdict was amply supported by the evidence.

## II. Defendants' Motion for Attorney's Fees

I granted defendants' motion for a directed verdict as to Daniel Schafer at the close of plaintiff's case.  Defendants now contend that plaintiff had no legal or factual basis for his claim against Daniel Schafer, justifying an award of attorney's fees under Or. Stat. Rev. § 20.105.

### A. Standards

State law governs awards of attorney's fees in diversity actions when fees are "connected to the substance of the case." <u>Northon v. Rule</u>, 637 F.3d 937, 938 (9th Cir. 2011) (per curiam order) (quotation marks omitted).  Oregon law applies here because defendants' requested attorney's fees are "connected to the substance of the case."  <u>See</u> <u>Smith v. Healy</u>, 2011 WL 2015518, at *2 (D. Or. 2011).

3 - ORDER

Under Oregon law, the court must award attorney's fees to the prevailing party if the court finds "there was no objectively reasonable basis for asserting the claim, defense or ground for appeal." Or. Stat. Rev. § 20.105(1). "[A] claim, defense, or ground for appeal or review is meritless when it is entirely devoid of legal or factual support at the time it was made." Mattiza v. Foster, 311 Or. 1, 8, 803 P.2d 723, 728 (1990) (footnotes omitted). To support an award of fees, the court must find both lack of merit and improper purpose. Id., 311 Or. at 9, 803 P.2d at 728.

### B. Discussion

Although plaintiff's claim against Daniel Schafer was factually weak, the claim was not "entirely devoid of legal or factual support" when plaintiff asserted it. I deny defendants' request for attorney's fees.

### III. Defendants' Bill of Costs

Defendants seek $1,596.90 in costs. The prevailing party may recover the types of costs specified in 28 U.S.C. § 1920. See Fed. R. Civ. P. 54(d)(1).

I have carefully reviewed the costs requested by defendants. The requested costs are reasonable and are recoverable under § 1920.

### CONCLUSION

Plaintiff's motion for a new trial (#122) and defendants'

4 - ORDER

motion for attorney's fees (#119) are denied. The bill of costs (#115) is granted and defendants are awarded $1,596.90 in costs. Defendants' motion for extension of time (#130) is granted.

IT IS SO ORDERED.

DATED this ___18___ day of August, 2011.

*/s/ Owen M. Panner*
OWEN M. PANNER
U.S. DISTRICT JUDGE

5 - ORDER